

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 15, 1948

Hon. Wm. N. Hensley
Criminal District Attorney
San Antonio, Texas

Opinion No. V-738

Re: The County's liability
for traveling expenses
of the County Hospital
Administrator to attend
a Hospital Administra-
tor's Convention.

Dear Sir:

You have requested an opinion of this office regarding the traveling expense incurred by the Superintendent of Robert B. Green Memorial Hospital in attending a Hospital Administrator's Convention held in Atlantic City, New Jersey.

In order for Bexar County to pay said expense, it must be authorized by express constitutional or statutory provision or by necessary implication from an express provision. See Casey v. State, 289 S.W. 428.

It was held in Attorney General's Opinion No. O-810, rendered by a prior administration, that Article 3899, V. C. S. providing for payment of all reasonable expenses necessary in the proper and legal conduct of the offices named in the Act would not authorize the payment of the traveling expenses of officers in attending a convention for the benefit of their respective offices. Also, it was held in Opinion No. O-6599 by a former administration that a county is not authorized to pay the traveling expenses of the sheriff or his deputies in attending a F. B. I. School. It can be seen from analyzing the above mentioned opinions, copies of which are enclosed, that even though Article 3899, V. C. S. provides for the payment of all reasonable expenses necessary and proper in the conduct of the various county offices named therein, said Act is not sufficiently broad to include traveling expenses of their county officers or deputies while attending conventions.

Of course, the County Hospital's Administrator or Superintendent is not included within the provi-

sions of Article 3899, but we point out the decisions in connection herewith to show the construction placed on said statutes relative to traveling expense.

Since Article 3899 is not sufficiently broad to include the Hospital Superintendent, we must look to the provisions of Articles 4478 - 4485, V. C. S. which authorize the Board of Managers and Superintendent of a County Hospital to incur necessary expenses for the operation and maintenance of a hospital, and in no event shall said expenditures exceed the amount provided for such purposes in the county budget.

It was held in Attorney General's Opinion No. V-510 that although the management of the County Hospital is vested in the Board of Managers, the Commissioners' Court must approve all accounts.

We are unable to find any statutory provision which authorizes payment of these expenses by the county, and it is therefore our opinion that the traveling expenses of the County Hospital Administrator in attending a Convention were not authorized and cannot be lawfully paid.

### SUMMARY

The county is not liable for the traveling expenses of the County Hospital Administrator to attend Hospital Administrators' Convention in Atlantic City, New Jersey.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

JR:mw:jrb:mw

By John Reeves
John Reeves
Assistant

APPROVED:

Price Daniel
ATTORNEY GENERAL